Johnson, J.
delivered the opinion of the Court.
The grounds of this motion do not call in question the right of the plaintiff to maintain this action in his own name; and the objection to the competency of Barkesdale as a witness, rests on the ground, that in the event of plaintiff’s failing to recover against the defendant, he had a right of action against the witness. This is an assumption not warranted by the facts of the case. In the appointment of a gaoler, the sheriff may stipulate for what terms lie pleases: If in this case he had stipulated to pay the plaintiff a sum in gross for his services, and reserved to himself the fees of office, then the gaoler would have had no interest to maintain this action ; the sheriff must have been the plaintiff, and not a witness. Rut if, as the circumstances here seem to warrant, the contract was that the plaintiff should have the fees of office, and it is in that event alone he could by any possibility be entitled to sue, then the sheriff could have no interest, unless it was shewn that he had undertaken to guarantee them to the plaintiff. This fact was not proved, and he was therefore properly admitted.
Alsept v. F.yles,2 H. Bl. 108.
Acts of 1813, 20.
The defence as to the merits, is, I think, better sustained. The plaintiff having derived his interest in these perquisites through the sheriff, must, under the most favourable circumstances, be content to occupy the same situation that he would have done, had he been plaintiff. The fees allowed by law for keeping and dieting a debtor, confined in execution, is the reward provided fpr those services ; and, like all others, whether they arise from express stipulation or legal implication, can only be claimed when such services have been faithfully rendered. The law imposes on a sheriff who takes the body of a debtor in execution, an obligation to keep him safely ; and so rigidly is this duty enjoined, that nothing but the act of God, or the enemies of the country, will excuse the non-performance. The services for which remuneration is now asked, have not been performed in the manner required by law, and the reward is not due. But this case is even stronger: Neglecting to keep some white person living in the gaol, was in itself an act of positive negligence, by which the defendant lost the security which the person of his debtor gave him for his debt; and it would be unreasonable that he should be held liable for services, from which he not only did not receive a benefit, but sustained a legal injury.
Motion granted.